UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| NORVELL BRODIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-227 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNKNOWN BENOIT, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. At the times relevant to plaintiff's claims, he was an inmate in the Bellamy Creek Correctional Facility (IBC). Plaintiff alleges that defendants were deliberately indifferent to the serious risk of assault against plaintiff by fellow prisoners. Specifically, plaintiff alleges that around September 20, 2010, he was engaged in illegal gambling activities with other prisoners and that he owed them $15.00 as a result. When plaintiff was unable to pay, he was allegedly attacked by unknown prisoners on September 22, 2010. He alleges that he broke free and went to the Health Care Unit, where he was met by Correctional Officer Cooper, whom he informed of the assault. Plaintiff alleges that Cooper examined plaintiff's neck and said that he was unable to see any form of injury but that Cooper referred him to a nurse. "Plaintiff was then examined by a nurse who concluded that there was no injury of [sic] wound visible to his neck." Plaintiff nevertheless asked that he be placed in protective segregation, but Cooper told him that he did not have the authority to do so. Cooper called defendant Sgt. Benoit, to whom plaintiff explained the reason for his request for protection.

Because Benoit was unable to see any wound or injury and plaintiff was unable to give Benoit the names of his attackers, Benoit allegedly refused to place him in segregation. Plaintiff alleges that he returned to his housing unit, where he informed Resident Unit Officer Smith of his need for protection. Smith said that he would consider it but did nothing. On September 23, 2010, plaintiff was assaulted again, receiving a slash wound to his shoulder that required stitches. Only then was he placed in protective segregation.

Presently pending before the court are motions for summary judgment by defendant Benoit (docket # 13) and defendant Cooper (docket # 25). Despite the court's order directing a response, plaintiff has not filed any brief or other opposition to the motions. In support of their motions, defendants have submitted plaintiff's institutional medical record, which reflect no examination by a nurse on September 22, 2010. Defendants have also filed affidavits denying plaintiff's allegations concerning his requests to be placed in protective custody. The affidavits disclose that departmental policy would require that the involved officer both report the request to a superior and prepare mandatory documentation of the request, followed by placement of the person into temporary segregation. The record is devoid of any admissible evidence to rebut these sworn assertions. Upon review of the entire record, I conclude that both moving defendants are entitled to summary judgment and recommend that the motions be granted.

**Applicable Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for

determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

Although plaintiff elected not to file a response to defendants' motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court is required to examine defendants' summary judgment motion in light of the whole record to ensure that the defendants have satisfied their initial burden. *See Thurmond v. County of Wayne*, 447 F. App'x 643, 652 (6th Cir. 2011).

**Discussion**

Plaintiff's claims against defendants arise from their alleged deliberate indifference to his requests for protective custody. Not every injury suffered by one prisoner at the hands of another translates into constitutional liability of prison officials *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.'" *Wood v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). In order to state an Eighth Amendment claim, two requirements must be met. First, "the deprivation alleged must be, objectively, 'sufficiently serious.' For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a subsantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Woods*, 110 F.3d at 1223. I will assume for analytical purposes that a reasonable trier of fact could find in plaintiff's favor on the objective component of his Eighth Amendment claim. *But see, Lytle v. Gebhart*, 14 F. App'x 675, 678-79 (7th Cir. 2001)

-4-

(collecting cases where federal courts have found that the objective component is not satisfied by spontaneous episodes of prisoner-on-prisoner violence).

The second component of an Eighth Amendment claim is that the prison official have a sufficiently culpable state of mind. In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. 511 U.S. at 839-40. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837.

No reasonable trier of fact could find in favor of plaintiff on this aspect of his claim against Sgt. Benoit. Defendant Benoit has averred that a prisoner's report of assault requires mandatory steps under departmental policy. Benoit would have been required to inform the sergeant responsible for the area of the alleged attack that an assault had occurred. (Aff. ¶ 3, docket # 14-3). In addition, a supervisor must be provided a Critical Incident Participation Report. Benoit would have been required to complete a Protection Request form and to immediately place plaintiff in temporary segregation. Benoit would further be required to notify the Control Center sergeant, who would create a logbook entry and inform shift command. Departmental records contain no evidence that any of this activity occurred. (*Id.*). Benoit further avers that the presence or absence of injury is irrelevant to the decision to place a prisoner in temporary segregation. (*Id.* ¶ 5). Therefore, had Brodie requested protection, Benoit would have placed him in temporary segregation. (*Id.* ¶ 6).

Benoit has submitted plaintiff's medical records, which contradict his assertion that a nurse examined his neck after the first alleged attack, as no record of any such examination exists.

When faced with this substantial evidence undermining his claim that he reported an attack to Benoit on September 22, 2010, plaintiff could not merely stand on his pleadings. FED. R. CIV. P. 56(e). Rather, plaintiff had the affirmative burden to come forward with evidence to support his contentions. Benoit's motion and supporting evidence was clearly sufficient to meet his initial burden under *Celotex*, 477 U.S. at 323, placing upon plaintiff the burden of coming forward with sufficient evidence to establish a triable issue of fact. Plaintiff has failed to do so, and Benoit is entitled to summary judgment.

Officer Cooper's dispositive motion relies upon the evidence presented by co-defendant Benoit. Again, plaintiff was required to come forward with affirmative proof to support his allegations against Cooper, which he has failed to do. Furthermore, Cooper points out that plaintiff's own allegations fail to state a claim for deliberate indifference. Plaintiff alleges that he reported the incident to Cooper and that Cooper had a nurse examine plaintiff and then called the responsible sergeant. Taking these allegations as true, it is difficult to see how Cooper can be charged with deliberate indifference. Assuming the event occurred, Cooper acted reasonably in having a nurse examine plaintiff and reporting the incident to a responsible superior. Plaintiff's own allegations fail to show that Cooper acted with criminal recklessness, as required by Supreme Court authority. *See Farmer*, 511 U.S. at 839-40. He is therefore entitled to judgment on this separate ground.

**Recommended Disposition**

For the foregoing reasons, I conclude that plaintiff has failed in his burden to come forward with evidence creating a triable issue of fact against either defendant Benoit or defendant Cooper. I recommend that their motions for summary judgment (docket #s 13, 25) be granted.


Dated: March 30, 2012                    /s/ Joseph G. Scoville
                                         United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).